Brent E. Pelton, Esq. [BP-1055]
PELTON & ASSOCIATES, PC
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 385-9700; (Fax)(212) 385-0800
pelton@peltonlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN STRONG, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GERTZ PLAZA ACQUISITION, LLC, WHARTON REALTY GROUP, INC., CAMBRIDGE SECURITY SERVICES, CORP., DANIEL MASSRY, ISAAC MASSRY, MARK MASSRY, DAVID SITT, RONAK SHAH, ETHAN LAZAR and JOHN DOES #1-10, Jointly and Severally,<br><br>Defendants. | ECF<br>2009 CV 1120 (DRH)(MLO)<br><br>AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT |

## NATURE OF THE ACTION

1. Plaintiff GLENN STRONG ("Strong" or "Plaintiff") alleges, on behalf of himself and all other similarly situated current and former employees of the defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to: (i) unpaid wages from defendants GERTZ PLAZA ACQUISITION, LLC ("Gertz"), WHARTON REALTY GROUP, INC. ("Wharton" and together with Gertz, the "Wharton Defendants"), CAMBRIDGE SECURITY SERVICES CORP., ("Cambridge" and, together with the Wharton Defendants, the "Corporate Defendants"), DANIEL MASSRY

("D.Massry"), ISAAC MASSRY ("I.Massry"), MARK MASSRY ("M.Massry"), DAVID SITT ("Sitt"), RONAK SHAH ("Shah"), ETHAN LAZAR ("Lazar") and JOHN DOES #1-10 (collectively with D.Massry, I.Massry, M.Massry, Sitt, Shah and LAZAR, the "Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants"), for worked performed for which he received no compensation at all; (ii) unpaid wages for overtime work for which he did not receive overtime premium pay, as required by law, and (iii) liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq*.

2. Plaintiff further complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), and for damages arising out of Defendants' illegal retaliation against Plaintiff for exercising his rights under the New York Labor Laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

**THE PARTIES**

6. Plaintiff Strong was, at all relevant times, an adult individual residing in Queens County, New York.

7. Upon information and belief, Gertz has been, at all relevant times, a domestic limited liability company with its principle places of business at 162-10 Jamaica Avenue, Jamaica, New York 11432.

8. Upon information and belief, Wharton has been, at all relevant times, a domestic business corporation with its principle place of business at 8 Industrial Way East, 2nd Floor, Eatontown, New Jersey 07724.

9. Upon information and belief, Cambridge has been, at all relevant times, a New York corporation with its principle place of business at 419 Park Avenue South, New York, New York 10016.

10. Upon information and belief, Defendants D.Massry, I.Massry, M.Massry, Sitt, Shah and Lazar are officers, directors and/or managing agents of the Corporate Defendants, whose addresses are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendants.

11. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted

intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendants.

COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since March 18, 2006 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

13. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least sixty (60) Collective Action Members, and likely several hundred, who worked for Defendants during the Collective Action Period most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

14. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

15. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

16. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of C.F.R. § 516.4;

e. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

17. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

**CLASS ALLEGATIONS**

18. Plaintiff sues on his own behalf, and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since March 18, 2003, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law (the "Class").

20. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are well in excess of sixty (60) members of the Class during the Class Period.

21. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the

financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

22. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23. Plaintiff has committed himself to pursuing this action and he has retained competent counsel experienced in employment law and class action litigation.

24. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

25. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked and premium pay for hours worked in excess of forty hours per workweek;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f. whether Defendants failed to pay Plaintiff and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split shift worked in a day; and

h. whether Defendants failed to reimburse Plaintiff and the members of the Class for costs incurred to clean and launder their uniforms.

**STATEMENT OF FACTS**

26. At all relevant times, the Wharton Defendants have been in the retail, office space and mall ownership and management business. The Wharton Defendants currently own and/or manage four (4) million square feet of retail and office space located in twelve (12) states, including approximately thirty-three (33) different malls and shopping centers. The Company' website states that "Wharton Realty Group has a diversified portfolio consists of shopping centers and office building, providing space for over one thousand tenants across the country."

27. The Wharton Defendants employ at least forty (40) employees at any one time in their retail, office and mall business and they have a high rate of turnover.

28. Cambridge's principal business is security officer service. Cambridge provides both military-style uniformed and corporate-attired security officers, doormen, concierges and security receptionists, as well as armed officers, as well as special event security and strike management services. Cambridge employees several hundred guards at any one time, and provides security for all types of properties including multi-family housing, office buildings, corporate and professional offices, construction sites, industrial plants, distribution centers, warehouses, medical facilities, schools, hotels malls, parking garages and other private and public facilities.

29. Plaintiff was employed by Cambridge to provide security services for the

Wharton Defendants from approximately July 2006 through March 2007 (the "Cambridge Time Period"). Throughout the Cambridge Time Period, Strong was required to submit the number of hours that he worked at Wharton Realty's facilities and he was paid entirely on an hourly basis. The wages paid for hours worked in excess of forty hours per week were paid at straight-time rates rather than time and one-half his regular hourly rate.

30. Following the Cambridge Time Period, Strong worked directly for the Wharton Defendants from approximately July 2006 to present, and he was typically required to work approximately fifty (50) to seventy (70) hours per week for Defendants. Strong is paid an hourly wage of $23 per hour by check. Work performed above forty (40) hours per week was not paid at time and one-half the regular rate of pay as required by state and federal law.

31. Plaintiff has been employed by Defendants in a position as a fire safety director whereby he performed services maintaining the fire safety of Defendants' properties throughout the New York City region.

32. Upon information and belief, Defendants failed to pay time and one-half premium pay for overtime hours worked to all of their other laborers, who were similarly required to work in excess of forty (40) hours per week.

33. Throughout the Time Period, Plaintiff was typically required to work well in excess of forty hours per week and Defendants' failed to pay Plaintiff's overtime compensation for hours worked in excess of forty hours per week. Defendants also failed to pay Plaintiff for all hours that he worked, failing to pay him at all for certain work performed during the Time Period.

34. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

35. The work performed by Plaintiff required little skill and no capital investment.

36. Plaintiff typically worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff's overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

37. In addition to the Plaintiff, during the Time Period Defendants usually employed at least forty (40) and more likely several hundred other employees simultaneously and Defendants had high rates of employee turnover.

38. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment providing general labor services.

39. Such individuals have worked in excess of 40 hours a week yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

40. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

41. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

42. Upon information and belief, throughout all relevant time periods and during the

course of Plaintiff's own employment and while the Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

43. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

47. Plaintiff has provided his consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

48. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

49. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including

29 U.S.C. §§ 207(a)(1) and 215(a).

50. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

3. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW**

52. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

53. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its

regulations.

55. The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

56. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al and § 196-d. Plaintiff seeks liquidated damages, pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

**THIRD CLAIM FOR RELIEF**
**New York Labor Law - Discrimination and Retaliation**

57. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. The original complaint in this matter was filed on March 18, 2009 and Plaintiff's counsel sent the Wharton Defendants a letter dated March 23, 2009 which enclosed a copy of the complaint and warned the Wharton Defendants to not retaliate against Plaintiff, a current employee.

59. While Plaintiff was consistently paid at least $1,153.84 per week prior to bringing suit, on April 14, 2009, Plaintiff received a letter from Lynn Raymond of Wharton stating:

> Glenn, Beginning with the current pay period, your hours of work will be reduced to forty hours a week in accordance with the request you made earlier this year for a shorter, 40-hour work week…. Please know that your new weekly salary will be $923.20. We are aware that you have regularly reported to work, over the last few pay periods, for fewer than the hours previously agreed upon. Please know that any failure on your part, in the future, to

> work less than a full 40-hour week will result in disciplinary action being taken against you, including possible termination of employment, unless you can demonstrate good cause for any absences.

60. While Plaintiff against Plaintiff would not be allowed while notifying the Defendants that Plaintiff intended to hold the Wharton Defendant's ten (10) largest shareholders personally liable for any unpaid wages. In or around December 2008, Defendants learned that Plaintiff had consulted with an attorney to discuss his right to receive overtime compensation. Defendants confronted Plaintiff with regard to his effort to obtain overtime pay and, shortly thereafter, terminated his employment from the Corporate Defendant in retaliation for Plaintiff seeking his back overtime pay. Plaintiff's employment with Defendants was terminated on or about on or about December 30, 2008, causing Defendants to violate New York Labor Law § 215.

61. New York Labor Law § 215 states:

> § 215. Penalties and civil action; employer who penalizes employees because of complaints of employer violations
>
> 1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. If after investigation the commissioner finds that an employer has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer a civil penalty of not less than two hundred nor more than two thousand dollars. Notwithstanding the provisions of section two hundred thirteen of this chapter, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.
>
> 2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section,

> within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees. At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.

62. Following the filing of Plaintiff's complaint, the Wharton Defendants have unilaterally reduced Plaintiff's pay by approximately $230 per week in retaliation for his filing an action to protect his right to wages and overtime.

63. Due to Defendants' illegal retaliation, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages and overtime compensation, along with damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement and reasonable attorneys' fees, costs and disbursements of the action and liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all

similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. An award of wages and uniform maintenance costs and unpaid minimum wages, wages for all hours worked and overtime compensation due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

f. An award of damages arising out of the non-payment of wages;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i. An award of wages, overtime compensation, back pay and front pay arising out of the Wharton Defendant's illegal retaliation; and

j. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 30, 2009

PELTON & ASSOCIATES, PC
*By: /s/ Brent E. Pelton*
Brent E. Pelton, Esq. (BP 1055)
Attorney for Plaintiff, Individually, and

on Behalf of All Other Persons Similarly Situated
111 Broadway, 9th Floor
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800